In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00030-CR


______________________________




GREGORY CHAVEZ SALAZAR, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the Criminal District Court 4


Dallas County, Texas


Trial Court No. F-0132379-WK




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Gregory Chavez Salazar was convicted in a single trial of the offense of aggravated sexual
assault and three charges of indecency with a child. All four charges were tried together. The court
sentenced Salazar to twenty-five years for the aggravated sexual assault and twenty years each for
the three charges of indecency with a child, with fines of $1,000 for each charge. The trial court
ordered the punishments to run concurrently. This appeal concerns only one conviction for
indecency with a child. The causes have been appealed separately and have been briefed identically.

 Since the briefs and arguments raised therein are identical in all appeals, for the reasons
stated in Salazar v. State, No. 06-02-00029-CR, we likewise resolve the issues in this appeal in favor
of the State.

 The judgment of the trial court is affirmed. 






 Ben Z. Grant

 Justice


Date Submitted: September 3, 2002

Date Decided: September 4, 2002


Do Not Publish



rgaining plea agreement occurs when a
defendant agrees to plead guilty to the offense that has been alleged or to a lesser or related offense,
and the State agrees to dismiss, or refrain from bringing, other charges. Shankle, 119 S.W.3d at 813. 
The court reasoned "[a]n agreement to dismiss a pending charge . . . effectively puts a cap on
punishment at the maximum sentence for the charge that is not dismissed" and, thus, a
charge-bargaining affects punishment. Id. As such, Rule 25.2 prohibits a party from challenging
the punishment assessed. Id. at 814. We are obliged to follow the precedent of the Texas Court of
Criminal Appeals.

 Epps pled guilty pursuant to a charge-bargaining plea agreement. Because Epps is not
appealing matters raised in pretrial motions, we lack jurisdiction over this appeal. Accordingly, we
dismiss this appeal for want of jurisdiction.



 Jack Carter

 Justice


Date Submitted: December 10, 2007

Date Decided: December 11, 2007


Do Not Publish
1. The trial court's certification must be true and supported by the record. Saldana v. State, 161
S.W.3d 763, 764 (Tex. App.--Beaumont 2005, no pet.); see Dears v. State, 154 S.W.3d 610, 613
(Tex. Crim. App. 2005). Here, the trial court did not grant permission to appeal. The form used by
the trial courts to certify a right of appeal has several alternatives. One of those is that the case
involves a plea bargain, but the trial court has given permission to appeal. The trial court did not
make such a finding, but considered that no plea bargain existed and therefore the defendant had a
right of appeal.